UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
BERNADETTE DASHIELL,

         Plaintiff,

  -against-

THE NEW YORK TIMES COMPANY,

         Defendant.

------------------------------------------------------- X

Civil Action No. 22 Civ. 1922

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

The parties to the above-captioned lawsuit (the "Action") anticipate through their respective requests for documents that certain confidential documents or information will be produced during discovery in this Action. As evidenced by the signatures of their respective counsel below, Plaintiff Bernadette Dashiell and Defendant The New York Times Company (collectively, the "Parties" and each individually, a "Party"), hereby stipulate to (or, alternatively, the Court so-orders) the terms of this Stipulated Confidentiality Protective Order (the "Order") to provide for the production of documents and information which contain confidential and/or proprietary information ("Confidential Information") of the producing Party and/or Defendant's agents, employees, partners, parent or subsidiary entities, or other related entities, or of customers or other third parties with whom that Party does business (the "Protected Persons") for purposes of the pretrial phase of this action only.

The Parties stipulate to (or the Court so-orders) this Order to provide for the discovery of certain alleged Confidential Information of the Protected Persons, as defined below, and to provide for the use of such Confidential Information solely in conjunction with this Action.

    1.    "Confidential Information" shall mean and include trade secrets, confidential, proprietary, non-public, private, business, commercial, personal health information, personal

88929056v.1

confidential information (including, but not limited to, salary and performance information), and/or financial information of the Protected Persons, or other information the disclosure of which may cause competitive harm or emotional or physical distress to the producing Party. Confidential information may be a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.

2. With respect to documents which any Party contends contain Confidential Information, any Party may designate any document as "Confidential" if the Party in good faith believes that the document(s) constitutes or contains Confidential Information. Non-parties to this Action may similarly designate any document as "Confidential" if the non-party is called to produce document(s) that it believes in good faith constitutes or contains Confidential Information. Documents may be designated "Confidential" by placing the legend "Confidential" on each page.

3. Deposition testimony may be designated as "Confidential" by providing notice at the deposition or within 30 days of receipt of a transcript that all or specified portions of the deposition testimony shall be treated as Confidential Information.

4. Non-written materials may be designated as "Confidential" by any Party, or non-party, by providing written notice to the other Parties to this Action of the designation of such non-written materials as "Confidential."

5. Any Party may at any time request in writing that a producing Party change the confidential designation with respect to any document, object, or information, even if such document, object, or information was not designated as Confidential Information. Such request shall be made in writing and shall specifically identify the material that the receiving Party

88929056v.1

contends is not property designated.  Upon receipt of such written request by the producing Party, such material shall be treated as Confidential Information.

6. Confidential Information shall be used solely in connection with this Action, including all related and derivative proceedings, though all appeals, and shall not be used or disclosed for any other purpose unless authorized by the Party who produced the information, or by order of the Court.  Confidential Information shall be treated as confidential by the receiving Party, and its/her attorneys and other representatives, and will not be disclosed to anyone except as provided herein.

7. Confidential Information may be disclosed only to:

(a) The receiving Party;

(b) The receiving Party's attorneys and supporting personnel employed by such attorneys;

(c) The current or former directors, officers and employees of Defendant to the extent necessary for the performance of their respective duties in connection with this Action;

(d) Witnesses from whom the receiving Party, in good faith, intends to elicit testimony relating to such Confidential Information, in deposition, at trial, or in affidavit form, provided such anticipated witnesses first agree in writing to be bound by the terms of this Order and confirm that they have read the Order in its entirety by executing the Non-Disclosure Agreement, attached hereto as Exhibit A;

(e) Any court reporter, stenographer, videographer, or other related persons present during any depositions or at trial in this matter;

      (f)      The personnel of the court in which this Action has been filed in the ordinary course of this litigation; and

      (g)      Retained consulting or testifying expert witnesses.

8.     All copies of Confidential Information authorized to be reproduced under this Order will be treated as though they were originals and the confidentiality of each copy will be maintained in accordance with the terms and conditions thereof. Copies of all documents and other tangible things containing Confidential Information derived from Confidential Information shall also be treated as Confidential Information.

9.     Any Party may object to the designation of material as Confidential Information. The Parties shall then attempt to resolve the dispute in good faith. If the Parties are unable to resolve the dispute, it may be submitted to the Court unless the Court has previously ruled that the documents are confidential. Material designated as Confidential Information remains Confidential Information until a contrary determination is made by either the Court or the Parties' written agreement.

10.     Counsel for the Parties may retain their work product and all briefs, pleadings or other filings with the Court which incorporate Confidential Information or disclose materials contained therein, but these materials shall remain subject to the terms and conditions of this Order.

11.     Pursuant to Fed. R. Civ. P. 26(b)(5)(b) and Fed. R. Evid. 502, the production of privileged or work product documents, ESI, or other information whether inadvertent or otherwise is not a waiver of the privilege or protection from discovery in this Action or any other federal or state proceeding. Once a receiving Party becomes aware that a producing Party has produced documents that are protected by the attorney-client privilege or work product doctrine, the receiving Party must immediately notify the producing Party of the disclosure. A producing Party

which seeks the return of documents under this section may request the return of documents which should have been withheld on the basis of the attorney-client and/or work product protection. Upon receipt of such a request for return, the Party to whom the documents were produced must promptly segregate the documents from access or review and return or destroy them. Within ten (10) business days of receiving such notification, the receiving Party shall:

   (a) Return the information to the producing Party, if requested by the producing Party; and

   (b) Confirm in writing to the producing Party the destruction of all such information, including all later created excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the information claimed to be privileged.

Should the Parties be unable to agree whether any particular information is privileged, the information in dispute shall remain sequestered until the Court rules or the Parties agree otherwise. The receiving Party shall comply with (a) and (b) above with respect to all other copies of such information and all other documents or records that include, communicate, or reveal information claimed to be privileged. The sequestered information will then be returned, destroyed, or released from sequestration in accordance with the Court's discretion or the Parties agree otherwise. The Parties agree that nothing in this Order allows the receiving Party to access, review, or share the information until any challenge to privilege is resolved by the Court and the Parties agree otherwise.

Pursuant to S.D.N.Y. Local Civil Rule 26.2 and its accompanying committee note, which encourage parties to agree on a categorical approach to privilege logging, the Parties agree to the following, less burdensome approach to privilege logging:

(a) Emails and other documents exchanged between a Party and their outside counsel are presumptively privileged and need not be logged;

(b) Exact duplicate emails need not be logged;

(c) All other emails can be logged in categorical fashion, whether by subject matter, date range, document type, author, sender, or recipient, provided, however that the information about the nature of the withheld documents is sufficient to permit the receiving part to assess the claimed privilege consistent with Local Rule 26.2 and applicable law;

(d) An index of documents withheld on grounds of privilege will be provided (the index will contain the document ID, date, sender, recipient, and name/subject metadata if available); and

(e) Any document that does not fit within the agreed-upon categories will be logged in the traditional manner; a parties' logging of the topmost email shall be deemed to assert protection for all of the protected material in an email string or chain, including multiple redactions or multiple segments, provided, however, that the information about the nature of the withheld documents is sufficient to permit the receiving Party to assess the claimed privilege consistent with Local Rule 26.2 and applicable law.

Nothing herein shall be deemed a waiver or limit any applicable privilege or to affect the ability of a Party to seek relief for the disclosure of information protected by privilege regardless of the steps taken to prevent disclosure.  If a Party produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges and the Party receiving the inadvertently produced information may not argue that the producing Party

88929056v.1

failed to take reasonable steps to prevent production of the privileged materials in support of an argument that any privilege has been waived.

12. Any Party filing Confidential Information shall comply with Section 4(B) of this Court's Individual Rules and Practices in Civil Cases and shall file such documents under seal. The Parties shall redact and file under seal "sensitive information" (*i.e.*, social security numbers, names of minor children, dates of birth, financial account numbers, and home addresses) and "information requiring caution" (*i.e.*, personal identifying numbers, medical records, employment history, non-public financial information, proprietary or trade secret information, information concerning an individual's cooperation with the government, and information concerning the names, wages, and performance records of other New York Times' employees) without the Court's approval. All other redactions require Court approval. To be approved, the Party shall submit a motion and supporting papers to "explain the particular reasons for seeking to file that information under seal" via the Court's ECF system in accordance with Section 4(B)(2). The Parties are aware that the proposed redactions "must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access to judicial documents" to be approved by the Court. The Parties further agree that if dispositive motions are to be filed, the Parties will propose at the pre-motion conference a process for filing, in redacted or modified form, certain confidential information anticipated to be relevant or necessary to the dispositive motion to minimize the information required to be filed under seal.

13. Nothing in this Order will prevent any Party from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the producing Party as soon as reasonably possible, and if permitted

by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party deems it appropriate to do so.

14. Within sixty (60) days of the final disposition of this action—including all appeals—all recipients of Confidential Information must either return it—including all copies thereof—to the producing Party, or, upon permission of the producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

15. The Parties agree that they will only designate documents and/or information as "Confidential" that they, in good faith, believe are entitled to be designated as "Confidential" under the terms of this Order.

16. This Order shall bind the Parties, and shall be effective immediately as to each respective Party upon signature by counsel for such Party, or upon the Court's order.

17. This Order may be signed on separate signature pages. These separate signature pages will become part of the integrated Order. Where convenient for the Parties to do so, the signed signature pages may be electronic or facsimile transmissions.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Information is produced or disclosed, except that any information designated Confidential under this Order, which subsequently becomes public through other means or during the course of a trial, may lose its designation of confidentiality.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| */s/ J. Patrick DeLince* | */s/ Courtney Stieber* |
| J. Patrick DeLince | Courtney Stieber |
| DELINCE LAW PLLC | SEYFARTH SHAW LLP |
| 299 Broadway, Suite 1310 | 620 Eighth Avenue |
| New York, New York 10007 | New York, New York 10018 |
| Telephone: (212) 382-3544 | Telephone: (212) 218-5500 |
| jpd@delincelaw.com | cstieber@seyfarth.com |
| | |
| Margaret McIntyre | *Attorneys for Defendant* |
| 195 Montague Street, 14th Floor | *THE NEW YORK TIMES COMPANY* |
| Brooklyn, New York 11201 | |
| (212) 227-9987 | |
| Mem596@icloud.com | |
| | |
| *Attorneys for Plaintiff* | |
| *BERNADETTE DASHIELL* | |

Dated: January 12, 2023         Dated: January 12, 2023

SO ORDERED.

Dated: January 17, 2023
New York, New York

_____
Sarah L. Cave
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
BERNADETTE DASHIELL,                                   :
                                                       :   Civil Action No. 22 Civ. 1922
                Plaintiff,                             :
                                                       :   **NON-DISCLOSURE AGREEMENT**
    -against-                                          :
                                                       :
THE NEW YORK TIMES COMPANY,                            :
                                                       :
                Defendant.                             :
                                                       :
------------------------------------------------------- :
                                                       X

    I, _____, acknowledge that I have read and understand the Order in this Action governing the non-disclosure of those portions of Confidential Information that have been designated as Confidential. I agree that I will not disclose such Confidential Information to anyone other than for purposes of this Action and that at the conclusion of the Action I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

    _____
    Name:
    Date:

88929056v.1